# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS, SR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCY HOSPITAL, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:11cv01140 DLB PC<br><br>ORDER TO FILE COMPLETE<br>AMENDED COMPLAINT |

**I.	Background**

Plaintiff Michael Thomas, Sr., ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on July 1, 2011. He has filed subsequent "Exhibits" and "Addendums" on August 23, November 21 and December 9, 2011.

**II.	Legal Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

### III. Piecemeal Litigation

Plaintiff has filed a total of four pleadings and his claims are unclear.  His original complaint appears to concern an alleged beating by Correctional Officers while he was hospitalized at Mercy Hospital.  Plaintiff's subsequent filings attempt to add exhibits and/or additional claims.  His November 21, 2011, filing references additional claims and defendants, but does not include any factual explanation.

Plaintiff is advised that under Local Rule 220, Plaintiff may not amend the complaint by adding piecemeal information or exhibits after the complaint has been filed.  In other words, an amended complaint must be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV. Eighth Amendment

It appears that Plaintiff is attempting to allege a violation of the Eighth Amendment based on an alleged beating.  The Court provides the following information for Plaintiff to consider in amending his complaint.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." <u>Hudson</u>

v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id.  (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.

The Eighth Amendment also prohibits deliberate indifference to a serious medical need.  To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (quotation marks omitted).  The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

3

Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056, (9 th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

## V.     Conclusion and Order

Therefore, pursuant to Local Rule 220, Plaintiff is ORDERED to file an amended complaint that is complete in itself within thirty (30) days of the date of service of this order. Plaintiff must include all defendants and all claims that he wishes to set forth in the amended complaint. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. If Plaintiff fails to file an amended complaint within this time, the Court will proceed only with the information contained in the original complaint, filed on July 1, 2011.

IT IS SO ORDERED.

Dated:   **February 27, 2012**              /s/ **Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

4