# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS, SR., | CASE NO. 1:11-cv-01140-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| MERCY HOSPITAL OF BAKERSFIELD, et al., | (ECF No. 4) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.  Background**

Plaintiff Michael Thomas, Sr., ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on July 1, 2011 in the Northern District of California.  ECF No. 4.  The case was transferred to this Court on July 11, 2011.  ECF No. 8.  On June 1, 2012, the Court ordered Plaintiff to provide a more definite statement of facts regarding his claim.  ECF No. 21.  On June 18, 2012, Plaintiff filed a response.  ECF No. 22.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.      Summary Of Complaint and More Definite Statement

Plaintiff was an incarcerated prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga, California.  Plaintiff names as Defendants: the third sergeant at Mercy Hospital, John Doe 1, correctional officer Sal, correctional officer Ward, two unknown correctional officers, John Does 2 and 3, correctional officer Duck, and head nurse Pitts.  Plaintiff also seeks relief against Mercy Hospital of Bakersfield.  The Court thus construes Mercy Hospital as a Defendant in this action.

Plaintiff alleges the following.  While at Mercy Hospital in Bakersfield, California, Plaintiff was out of the intensive care unit for a day and a half.  Defendants John Doe 1, Sal, Ward, and John Does 2 and 3 beat Plaintiff while he was handcuffed.  Plaintiff had previously suffered a seizure, two strokes, an aneurysm, a heart attack, and contracted valley fever.

Plaintiff returned to PVSP, where a female doctor wrote down Plaintiff's condition and everything that occurred about the beating.  Defendants Duck and Pitts made sure the paperwork got lost.

Plaintiff requests as relief: for Mercy Hospital to be held accountable, punishment for the sergeant and correctional officers, reasonable monetary damages, vacating of all restitution fines, and no reprisals.

2

### III. Analysis

The Court construes Plaintiff's allegations as an Eighth Amendment claim for excessive force. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson*, 503 U.S. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

Plaintiff fails to state a claim against Defendants John Doe 1, Sal, Ward, and John Does 2 and 3. Plaintiff alleges that they beat Plaintiff while he was handcuffed. However, Plaintiff has not alleged sufficient facts to demonstrate a claim for excessive force. Plaintiff's allegations are too vague for the Court to find that the use of force was wanton and unnecessary. Plaintiff fails

to allege facts which demonstrate the extent of each Defendant's involvement, and what actions each Defendant took in allegedly beating Plaintiff.[1]

Plaintiff fails to state an Eighth Amendment claim against Defendants Duck and Pitts. Plaintiff alleges only that Defendants Duck and Pitts caused certain documents concerning the alleged beating at Mercy Hospital to be lost. Plaintiff fails to link Defendants Duck and Pitts to any violation. An alleged cover-up after the incident occurred does not demonstrate that Defendants Duck and Pitts violated Plaintiff's Eighth Amendment rights.

Plaintiff fails to state a claim against Mercy Hospital. Plaintiff requests that Mercy Hospital be held accountable. However, Plaintiff fails to make any allegations that would indicate a violation of Plaintiff's constitutional or federal rights by Mercy Hospital. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law.").

## IV. Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

---

[1] Generally, "the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

4

*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's first amended complaint is dismissed for failure to state a claim, with leave to file a second amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 15, 2012**            /s/ **Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE