# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS, SR., <br><br> Plaintiff, <br><br> v. <br><br> MERCY HOSPITAL OF BAKERSFIELD, et al., <br><br> Defendants. | Case No. 1:11-cv-01140-DLB PC <br><br> **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** <br><br> (ECF No. 26) <br><br> TWENTY-ONE DAY DEADLINE |

Plaintiff Michael Thomas, Sr., ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on July 1, 2011 in the Northern District of California. (ECF No. 4.) The case was transferred to this Court on July 11, 2011. (ECF No. 8.) On June 1, 2012, the Court ordered Plaintiff to provide a more definite statement of facts regarding his claim. (ECF No. 21.) On June 18, 2012, Plaintiff filed a response. (ECF No. 22.)

On July 16, 2012, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 23.) On August 20, 2012, Plaintiff filed his First Amended Complaint. (ECF No. 24.) On February 27, 2013, the Court issued an order requiring Plaintiff to file an amended complaint. (ECF No. 25.) Although the Court found a cognizable Eighth Amendment excessive force claim, the Court explained that Plaintiff had to file an amended complaint naming at least one Defendant because he could not effectuate service otherwise. The

amended complaint could proceed on the cognizable Eighth Amendment claim, and all other claims and defendants were dismissed, with prejudice. On March 28, 2013, Plaintiff filed a second amended complaint, which is presently before the Court for screening. (ECF No. 26.) Plaintiff again fails to name any specific Defendants in the First Amended Complaint related to the excessive force claim. Without any named Defendants, neither Plaintiff nor the United States Marshal is able to effectuate service.

It appears that this action is at an impasse. At least one named Defendant is required for service and to move this action forward, but Plaintiff fails to provide any specific defendants for the cognizable Eighth Amendment claim. It is Plaintiff's responsibility to obtain the names of at least one Defendant and prosecute this action.

Plaintiff is therefore ORDERED TO SHOW CAUSE, if any he has, why this action should not be dismissed for failure to prosecute. Plaintiff must file a response to this order to show cause within twenty-one (21) days. Failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **September 29, 2013**            /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE