UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS, SR., <br><br> Plaintiff, <br><br> v. <br><br> MERCY HOSPITAL OF BAKERSFIELD, et al., <br><br> Defendants. | Case No. 1:11-cv-01140-DLB PC <br><br> **ORDER DISMISSING THIS ACTION FOR FAILURE TO OBEY A COURT ORDER** <br><br> (ECF No. 27) |

Plaintiff Michael Thomas, Sr., ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on July 1, 2011 in the Northern District of California. (ECF No. 4.) The case was transferred to this Court on July 11, 2011. (ECF No. 8.) On June 1, 2012, the Court ordered Plaintiff to provide a more definite statement of facts regarding his claim. (ECF No. 21.) On June 18, 2012, Plaintiff filed a response. (ECF No. 22.)

On July 16, 2012, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 23.) On August 20, 2012, Plaintiff filed his First Amended Complaint. (ECF No. 24.) On February 27, 2013, the Court issued an order requiring Plaintiff to file an amended complaint. (ECF No. 25.) Although the Court found a cognizable Eighth Amendment excessive force claim, the Court explained that Plaintiff had to file an amended

1

complaint naming at least one Defendant because he could not effectuate service otherwise. The amended complaint could either proceed on the cognizable Eighth Amendment claim or attempt to cure the deficiencies in the other claims identified in the screening order. *Id.* On March 28, 2013, Plaintiff filed a Second Amended Complaint. (ECF No. 26.) Plaintiff again failed to name any specific Defendants. *Id.* On September 30, 2013, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute. (ECF No. 27.) The order cautioned Plaintiff that the failure to respond to the order within twenty-one days would result in the dismissal of this action. *Id.* More than twenty-one days has passed, and Plaintiff has not complied with or otherwise responded to the Court's order. Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

Accordingly, it is HEREBY ORDERED that:

1. This action be dismissed, without prejudice, based on Plaintiff's failure to obey a Court order; and

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 13, 2013**              /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE